811 F.2d 603
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard J. BROOKS, M.D., Plaintiff-Appellant,
v.
Lamar ALEXANDER, Governor of the State of Tennessee, and
William Leech, Attorney General of the State of
Tennessee, Defendants-Appellees.
 No. 85-6114.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1986.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Dr. Leonard Brooks ("plaintiff") appeals the amount of the District Court's award of attorney's fees for time spent before the District Court and the Court's denial of attorney's fees for time spent in state administrative proceedings. Plaintiff claims that the award by the District Court for the Middle District of Tennessee was inadequate to provide a fully compensable fee because the Court refused to upwardly adjust the hourly fee to compensate for the contingency risk and unpopularity of the cause, and refused to adjust the litigation expenses for inflation. Plaintiff also claims that he is entitled to attorney's fees for the time spent in state administrative proceedings. We reverse and remand the District Court decision refusing to upwardly adjust the hourly rate, and affirm the Court's judgment in all other respects.
 
 
 2
 In September of 1978 the Tennessee Board of Medical Examiners brought an action against plaintiff, a licensed Tennessee physician. The Board sought to revoke plaintiff's medical license on the ground, among others, that he had performed second-trimester abortions outside of hospitals, in violation of what is now T.C.A. Sec. 39-4-201(c)(2). Plaintiff asserted that the statute was unconstitutional. After a full hearing, however, the Board entered an order revoking plaintiff's license. Plaintiff appealed the decision to the Davidson County Chancery Court, which ultimately remanded the case to the Board in light of the Supreme Court's decision in Akron v. Akron Center for Reproductive Health, 462 U.S. 416 (1983).
 
 
 3
 Plaintiff also filed an action pursuant to 42 U.S.C. Sec. 1983 to have the Tennessee statute declared unconstitutional. Shortly before trial, because Akron v. Akron Center for Reproductive Health was pending, the trial date was postponed. In 1983, the Supreme Court ruled in favor of the position of plaintiff. The District Court then granted summary judgment in favor of plaintiff and declared him the prevailing party for purposes of section 1988.
 
 
 4
 On September 13, 1984, the District Court awarded plaintiff attorney's fees in the amount of $30,293.87 for time spent in that Court. The Court severed the issue of fees for time spent in ancillary proceedings, however, because the Supreme Court had granted certiorari in a case addressing that precise issue. Webb v. County Bd. of Educ., 471 U.S. 234, 105 S.Ct. 1923 (1985), aff'g 715 F.2d 254 (6th Cir.1983). On November 15, 1985, the District Court denied plaintiff's request for attorney's fees for the state administrative and state court proceedings based on the Supreme Court's decision in Webb. Plaintiff appeals from these orders.
 
 TIMELINESS OF APPEAL
 
 5
 We reject defendant's claim that plaintiff's appeal is untimely. Defendant claims that the District Court's initial order awarding plaintiff attorney's fees in the amount of approximately $30,000 was a final decision because the Court had severed the issue of fees for ancillary proceedings. If it were a final decision, plaintiff would have been obligated to file his appeal by December 12, or thirty days following the November 13 decision awarding interest. Fed.R.Civ.P. 4(a)(1). Plaintiff did file a notice of appeal on December 12, but then moved to dismiss the appeal as premature. His motion was granted. On November 26, 1985, he filed a notice of appeal from both the September, 1984 and the November, 1985 orders.
 
 
 6
 The District Court severed the claim for fees arising from the ancillary proceedings and issued an initial order granting plaintiff attorney's fees for time spent before it. It is clear that the District Court judge intended to address the case again, because he postponed his decision on the separate issue of fees for the ancillary proceedings for a later date. As the Supreme Court stated in United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227 (1958), an order is final when it "clearly evidences the judge's intention that it shall be his final act in the case." Id. at 232. At the time of the initial order a portion of plaintiff's claim for attorney's fees was still pending. We find that the District Court's order granting plaintiff attorney's fees for time spent before that Court was not a final judgment and we therefore hold that plaintiff's appeal is timely.
 
 
 7
 FEES AND EXPENSES AWARDED FOR TIME IN DISTRICT COURT
 
 
 8
 The determination of the extent to which attorney's fees will be awarded pursuant to section 1988 is within the broad discretion of the trial court judge. An appellate court will not reverse or remand an award of fees or denial of costs unless it is clear that the district court abused its discretion. See Blum v. Stenson, 465 U.S. 886 (1984); Hensley v. Eckerhart, 461 U.S. 424 (1983); Louisville Black Police Officers Org. v. City of Louisville, 700 F.2d 268 (6th Cir.1983); Northcross v. Board of Educ., 611 F.2d 624 (6th Cir.1979), cert. denied, 447 U.S. 911 (1980). If it awards fees in an amount less than that requested, the trial court must provide "some explanation of the reasoning used to exclude those hours which were cut, and some description of the findings which were relied upon to find that expenses and billing rates were excessive." Northcross, 611 F.2d at 632.
 
 
 9
 The parties in this case agreed to the reasonableness of basic hourly rates for each of plaintiff's attorneys. Plaintiff claims, however, that the District Court abused its discretion by refusing to grant an upward adjustment in these hourly rates. We find that the District Court failed to exercise its discretion in accordance with decisions of this Court. In Northcross v. Board of Educ., this Court stated that "[i]n many cases [the routine hourly rate] is not 'reasonable,' because it does not take into account special circumstances, such as unusual time constraint, or an unusually unpopular cause, which affect the market value of the services rendered." Northcross, 611 F.2d at 638. The Court further stated that "[p]erhaps the most significant factor in these cases which at times renders the routine hourly fee unreasonably low is the fact that the award is contingent upon success." Id. In Louisville Black Police Officers, this Court did make it clear that it did not "intend to require district courts to so adjust whenever the circumstances referred to in that decision exist in a particular case." 700 F.2d at 280. It emphasized that "the district court judge who presided over a case is in the best position to evaluate the reasonableness of fee requests, both in terms of the number of hours spent and a reasonable hourly rate of compensation." Id. at 274. Thus, while any upward adjustment is within the discretion of the district court, the court must exercise that discretion by considering the contingency factor.
 
 
 10
 It does not appear that the District Court addressed the contingency or unpopularity factors. In holding that the facts of this case did not warrant an upward adjustment of the hourly rates, the Court stated that "[p]laintiff's success was predicated not upon his own ability and endeavor as this issue wound its way to victory before the Supreme Court but rather hinged on the outcome of another case with the identical issue." Joint Appendix at 153. This finding disposes of any claim of an upward adjustment for outstanding results. However, the fact that plaintiff's success did not hinge on the ability of his own attorney does not change the significant risk assumed by the attorney when he accepted and prepared the case. The District Court was obligated to consider whether the contingency risk warranted an upward adjustment. The Court's failure to exercise its discretion (or if exercised, to explain its reasoning) was inconsistent with its duties as spelled out in Northcross and Louisville Black Police Officers. We remand the case to the District Court with direction to consider whether the contingency risk assumed by plaintiff's attorney and the unpopularity of the cause warrant an upward adjustment of the hourly rate.
 
 
 11
 Plaintiff also claims that the District Court should have awarded him his expenses based on their current value as opposed to the amounts actually expended. The District Court rejected this claim because it found that "the applicants [had] been fairly compensated under the circumstances of this case without the addition of a present value-based calculation." Joint Appendix at 154. This Court has not awarded reimbursement of expenses based on current value and we find no cases in other circuits awarding reimbursement on that basis. We see no reason to allow it here. We hold that plaintiff is not entitled to recover the current value of expenses incurred and we affirm the judgment of the District Court as it relates to expenses.
 
 
 12
 ATTORNEY'S FEES FOR TIME SPENT IN ANCILLARY PROCEEDINGS
 
 
 13
 Plaintiff claims that he is entitled to attorney's fees for the time spent in the state administrative proceedings. The District Court postponed its decision concerning this claim until the Supreme Court had issued its decision in Webb v. County Bd. of Educ. It then held, in accordance with Webb, that plaintiff's request for attorney's fees must be denied because "the medical administrative proceedings in the present case as well as the subsequent appeal to state court are 'not any part of the proceedings to enforce Sec. 1983.' " Joint Appendix at 163. We agree with the District Court's application of Webb and affirm its denial of attorney's fees for time spent in ancillary proceedings.
 
 
 14
 In Webb, the Board of Education of Dyer County, Tennessee, terminated petitioner's employment. The petitioner contended at administrative proceedings that his constitutional rights had been violated because his discharge was racially motivated. The Board decided to adhere to its termination decision and the petitioner brought an action pursuant to section 1983. When he prevailed in the district court, the court awarded attorney's fees for the time spent on the judicial proceedings, but denied fees for the time spent on the administrative proceedings. This Court affirmed the district court decision and the Supreme Court affirmed.
 
 
 15
 The Supreme Court noted first that under section 1988 a prevailing party may be granted attorney's fees arising from an "action or proceeding to enforce [Sec. 1983]." Webb, 105 S.Ct. at 1928. It further noted that, unlike Title VII litigation, "nothing in Sec. 1983 requires that a plaintiff exhaust his administrative remedies before bringing a Sec. 1983 suit." Id. at 1927 (citing Smith v. Robinson, 468 U.S. 992 (1984)). Section 1983 was found to be an independent avenue of relief. The Court continued:
 
 
 16
 Administrative proceedings established to enforce tenure rights created by state law simply are not any part of the proceedings to enforce Sec. 1983, and even though the petitioner obtained relief from his dismissal in the later civil rights action, he is not automatically entitled to claim attorney's fees for time spent in the administrative process on this theory.
 
 
 17
 Id. at 1928. The Court did suggest that attorney's fees might be awarded for "any discrete portion of the work product from the administrative proceedings [that] was work that was both useful and of a type ordinarily necessary to advance the civil rights litigation" in federal court. Id. at 1929. The Court denied the petitioner's claim for attorney's fees because it found no indication that a discrete portion of the attorney's time in the administrative proceeding had furthered the section 1983 action.
 
 
 18
 The facts in the case before this Court are closely analogous to those in Webb. We reject plaintiff's claim that because he was required to appear before the Board of Medical Advisers the administrative proceeding was required for the section 1983 suit. The medical administrative proceeding was no more a part of the section 1983 action than was the administrative proceeding in Webb. Furthermore, the District Court found, as did the Supreme Court in Webb, that there was no "indication that the administrative (or subsequent state judicial) proceedings had the effect of advancing the federal civil rights litigation to resolution." Joint Appendix at 163. We affirm the District Court's denial of plaintiff's claim for attorney's fees for the time spent in ancillary proceedings.
 
 CONCLUSION
 
 19
 We find that the District Court failed to exercise its discretion to consider plaintiff's claim for an upward adjustment in the hourly rate awarded and remand the case with direction to consider the contingency factor. We affirm the District Court's decisions denying the current value of expenses incurred and denying an award of fees for time spent in proceedings ancillary to the section 1983 action.